CHALKEY HAINES ET AL., PLAINTIFFS, v. SEABROOK FARMS COMPANY, DEFENDANTS.

Argued February 20, 1923—Decided March 2, 1923.

**Appeals—Filing Notice Nunc pro Tunc—Statutes and Rules Provide One Year—Favorable Action Here Would be Futile in Court of Ultimate Jurisdiction.**

On motion to direct filing of a notice of appeal *nunc pro tunc*.

Before Justices PARKER and BERGEN.

For the motion, *Herbert A. Drake.*

PER CURIAM.

Plaintiffs were subjected to an adverse judgment in this court on January 27th, 1922, and had a year from that time in which to take an appeal. *Comp. Stat., p.* 2208, § 2; Rule 137, Supreme Court rules of 1919. *Pranti* v. *Junk,* 93 *N. J. L.* 387. From the motion papers it appears that counsel prepared and served a notice of appeal on January 22d, 1923, but overlooked the matter of filing the notice and proof of service until after he had left his office at the noon hour of Saturday, January 27th, and his office being then closed, deferred further action until Monday, the 29th, when he mailed the notice to the clerk with a special delivery stamp thereon, and it reached its destination the same day. He now moves this court to direct the clerk to mark the notice as "filed January 29th, 1923, as of January 27th, 1923, *nunc pro tunc.*"

We think the motion should be denied, and for two reasons —*first,* assuming that the application is properly made in this court, it should be denied on its merits; *secondly,* we think that any favorable action here would be futile so far as affecting the appellate court, which has the ultimate jurisdiction in the matter.

1. The statute imposes a limitation of one year, and rule 137 distinctly provides that the notice shall be served and filed within that time. This was concededly not done and no valid excuse is advanced for the default. The attorney knew perfectly well that the year was rapidly running out and should have exercised the greatest diligence to preserve his client's rights. He might even perhaps have saved them by hunting up the clerk on Saturday afternoon, or employing some one else to do so, but deliberately lets the whole matter go over till Monday.

2. The recognized rule of practice is that the validity of an appeal is a matter for the appellate court; and in similar cases the appellate court has refused to recognize attempts of the lower court to patch up a defective appeal. See such cases as *Hillyer* v. *Schenck*, 15 *N. J. Eq.* 398, and *Mount* v. *Van Ness*, 34 *Id.* 523. Hence, any attempt of this court to pass over the situation would not only be improper but futile.

The moving papers do not indicate that any notice of this motion was given to the opposing party, but as we conclude to deny the motion, it is sufficient merely to note the apparent absence of notice, to which the other side was plainly entitled before such a motion could be dealt with adversely to them. Perhaps such notice was given in fact. Let a rule be entered denying the motion.